24-1262-cr
*United States v. Pikus*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                            24-1262-cr

ALEKSANDR PIKUS,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | PATRICK J. CAMPBELL, Trial Attorney, Fraud Section, Criminal Division (Brent S. Wible, Principal Deputy Assistant Attorney General, Head of the Criminal Division, Lisa H. Miller, Deputy Assistant Attorney General, Jeremy H. Sanders, Appellate Counsel, Fraud Section, *on the brief*), U.S. Department of Justice, Brooklyn, NY |
| For Defendant-Appellant: | AARON M. RUBIN, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Aleksandr Pikus appeals from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*), entered on April 30, 2024, sentencing him to 108 months of imprisonment and two years of supervised release following his conditional guilty plea to one count of conspiracy to receive and pay healthcare kickbacks and one count of conspiracy to defraud by obstructing the lawful functions of the Internal Revenue Service ("IRS"), both in violation of 18 U.S.C. § 371. Pikus argues that the district court should have dismissed the charges against him with prejudice because of violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* We assume the parties' familiarity with the case.

On June 17, 2016, a grand jury returned an indictment charging Pikus and four other defendants with money laundering, money laundering conspiracy, conspiracy to receive and pay healthcare kickbacks, and conspiracy to defraud by obstructing the lawful functions of the IRS. Pikus's case was initially assigned to U.S. District Judge Sterling Johnson, Jr. Pikus's trial was delayed several times, primarily due to the Government's failure to timely produce audit documents Pikus requested. Pikus moved for dismissal under the Speedy Trial Act, but the district court denied that request. Shortly before trial, the case was reassigned to U.S. District Judge Ann M. Donnelly, and Pikus renewed his motion to dismiss. The district court denied Pikus's renewed motion, and a jury subsequently found him guilty on all counts. On appeal, we reversed the district court's orders denying Pikus's motions to dismiss. *United States v. Pikus*, 39 F.4th 39, 58 (2d Cir. 2022).[1] We directed the district court to vacate Pikus's convictions and determine whether the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

charges against him should be dismissed with or without prejudice. *Id.* On remand, the district court dismissed the charges without prejudice.

On January 13, 2023, a grand jury returned a second indictment, charging Pikus with the same offenses contained in the dismissed indictment. On May 18, 2023, Pikus conditionally pleaded guilty to one count of conspiracy to receive and pay healthcare kickbacks and one count of conspiracy to defraud by obstructing the lawful functions of the IRS. With the district court's permission and pursuant to a plea agreement, Pikus reserved the right to appeal the denial of his request for dismissal with prejudice if the district court sentenced him to more than five years of imprisonment. On April 17, 2024, the district court sentenced Pikus to 108 months of imprisonment and two years of supervised release. This appeal followed.

Subject to certain exceptions, the Speedy Trial Act requires that a defendant be brought to trial within seventy days from the later of the filing date of the indictment or the date he appears before the court in which the charges are pending. 18 U.S.C. § 3161(c), (h). If a defendant is not brought to trial within that time limit, the court must dismiss the indictment on the defendant's motion. *Id.* § 3162(a)(2). Because "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation," *United States v. Taylor*, 487 U.S. 326, 334 (1988), "the determination of whether to dismiss an indictment with or without prejudice is committed to the discretion of the district court," *United States v. Bert*, 814 F.3d 70, 79 (2d Cir. 2016) (internal quotation marks omitted). In making this determination, courts consider "the seriousness of the offense," "the facts and circumstances of the case which led to the dismissal," "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice," 18 U.S.C. § 3162(a)(2), and "the presence or absence of prejudice to the defendant," *Taylor*, 487 U.S. at 334.

3

"To permit appropriate appellate review, the district court should explicate as clearly as possible the bases for its conclusions as to each factor." *Bert*, 814 F.3d at 79 (quoting *Giambrone*, 920 F.2d at 180). "Although the role of an appellate court is not to substitute its judgment for that of the trial court, the factors identified in the statute call for more substantive scrutiny in order to determine whether the district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy." *Id.* (alteration adopted) (internal quotation marks omitted). "We will not lightly disturb the district court's judgment of how opposing considerations balance, as long as all the statutory factors are properly considered, and supporting factual findings are not clearly in error." *Id.* (internal quotation marks omitted). In short, we review for abuse of discretion a district court's determination of whether to dismiss charges with or without prejudice under the Speedy Trial Act. *United States v. Giambrone*, 920 F.2d 176, 179 (2d Cir. 1990).

Here, we conclude that the district court did not abuse its discretion in denying Pikus's request for dismissal with prejudice. Pikus concedes that the charged offenses were serious. Indeed, the indictment charged Pikus with conspiring to perpetrate a massive healthcare fraud scheme that lasted several years and involved tens of millions of dollars in fraudulent claims to Medicare and Medicaid, as well as the concealment of illegal kickbacks through shell companies and false tax returns. As the district court explained, this scheme diverted Medicare and Medicaid funds from the poor and the elderly and undermined public confidence in the U.S. healthcare system. When, as here, the charged crimes are serious, "the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Bert*, 814 F.3d at 79 (internal quotation marks omitted). Although "the fact that the underlying offense is serious may be outweighed by the other factors, and the length of the delay may contribute to such a counterweight," *id.* at 80,

4

the district court acted within its discretion in finding that the other factors did not outweigh the seriousness of the offenses charged against Pikus.

As for the second statutory factor, the district court appropriately considered the facts and circumstances leading to dismissal. This factor "focuses equally on the impact of the court's conduct and the impact of the government's conduct on any judicial delay." *Id.* Courts "should only preclude reprosecution of a serious crime upon a showing of something more than an isolated unwitting violation, such as a finding of bad faith or a pattern of neglect." *Id.* (internal quotation marks omitted); *see Giambrone*, 920 F.2d at 180 (noting that "the court may properly take into account a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case"). A factually supported finding of a pattern of neglect showing a "truly neglectful attitude," either on the part of the government or the court, "may alone suffice to tip the [second statutory] factor in favor of dismissal with prejudice." *Bert*, 814 F.3d at 80–81. Moreover, courts should consider "the length of the delay, as 'a measure of the seriousness of the speedy trial violation.'" *Id.* at 81 (quoting *Taylor*, 487 U.S. at 340).

With respect to this factor, Pikus relies primarily on our decision in his first appeal, in which we detailed the Government's dilatory conduct and the district court's failures to properly exclude time under the Speedy Trial Act. But our decision did not mandate dismissal with prejudice; rather, we expressly left that determination to the district court, *Pikus*, 39 F.4th at 58 & n.18. On remand, the district court extensively discussed the failures that led to the Speedy Trial Act violations in this case. It found that those failures did not warrant dismissal with prejudice because the Government's conduct was not "part of an overall pattern of negligence," and the district court's failures to properly exclude time, while problematic, "amount[ed] to nothing more than non-compliance with a procedural requirement of the [Act]." Special App'x at 16–20. We

5

"will not lightly disturb the district court's judgment of how opposing considerations balance, as long as all the statutory factors are properly considered, and supporting factual findings are not clearly in error." *Bert*, 814 F.3d at 79 (internal quotation marks and citation omitted). Accordingly, the district court's assessment, based on a thorough examination of this case's complex procedural history, constituted sufficient consideration of the second statutory factor.

Nor did the district court abuse its discretion in considering the third statutory factor, the impact of reprosecution on the administration of the Speedy Trial Act and the administration of justice. With respect to this factor, "district courts should identify and explain the administrative neglect that caused the particular delay at issue, as well as consider any potential administrative changes that might be warranted in light of that violation." *Bert*, 814 F.3d at 83. Courts may also consider, among other things, "the likelihood of repeated violations," *id.* at 86, and "a demonstrably lackadaisical attitude on the part of the government attorney in charge of the case or a pattern of dilatory practices on the part of the United States Attorney's office in the district in question," *Giambrone*, 920 F.2d at 180. Although Pikus argues on appeal that permitting his reprosecution would render the Speedy Trial Act meaningless, he provides no specific basis to conclude that the district court abused its discretion in examining this factor. As discussed, the district court thoroughly considered the administrative failures that led to the Speedy Trial Act violations; it noted, however, that there was no suggestion that the violations were part of a broader pattern of neglect in the Eastern District, and that the delays here related to a genuine dispute over who controlled audit documents. Given the district court's careful consideration of this factor, we find no abuse of discretion in its determination that dismissal without prejudice would be a sufficient sanction to deter the Government from future violations.

Finally, the district court appropriately considered the presence or absence of both trial and non-trial prejudice. As to trial prejudice, which is the "prejudice in the defendant's ability to mount a defense at trial," *Bert*, 814 F.3d at 82, Pikus points to the Government's delay in producing the audit documents and the district court's rejection of his defense theory relating to those documents. Whether the district court was wrong to reject Pikus's defense theory is not before us in this appeal, and Pikus offers no support for his assertion that the Government's discovery delays prejudiced him. Nor does Pikus provide a basis to disturb the district court's assessment of non-trial prejudice, which pertains to how delay "may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends," *id.* at 82 (quoting *Taylor*, 487 U.S. at 340–41). While Pikus suffered some non-trial prejudice from the ten months of pretrial time that the district court excluded in violation of the Speedy Trial Act, we have never held that dismissal with prejudice is required in circumstances such as these, particularly given the seriousness of Pikus's offenses.

Viewing all of these factors in combination, the district court acted well within its discretion in dismissing the first indictment without prejudice, rather than with prejudice.

\* \* \*

We have considered Pikus's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7